STATE ex rel. OKLAHOMA BAR ASSOCIATION v. BOWER
2022 OK 100
Case Number: SCBD-7354
Decided: 12/19/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 100, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

STATE OF OKLAHOMA, ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,
v.
DAVID HADLEY BOWER, Respondent.
ORDER APPROVING RESIGNATION
¶1 The State of Oklahoma, ex rel. Oklahoma Bar Association (OBA) has presented the Court with an application to approve the resignation of David Hadley Bower (Respondent) from membership in the OBA. Respondent, was admitted to membership on April 22, 1994; his OBA number is 15511; and he is currently in good standing. Respondent's official roster address as shown by the OBA is 2011 W. Danforth Rd. #508, Edmond, OK, 73003.
¶2 On October 6, 2022, the OBA filed a verified complaint requesting the imposition of discipline against the Respondent. The complaint raised four separate counts of professional misconduct and violations of Rules 1.3 and 5.2 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2021, ch. 1, app. 1-A, https://govt.westlaw.com/okjc and Rules 1.3, 1.4, 8.1(b) and 8.4(c) of the Oklahoma Rules of Professional Conduct (ORPC), 5 O.S.2021, ch. 1, app. 3-A, https://govt.westlaw.com/okjc.
¶3 On December 6, 2022, the OBA filed Respondent's Affidavit of Resignation Pending Disciplinary Proceedings pursuant to RGDP Rules 8.1 and 8.2. In his affidavit, Respondent voluntarily relinquished his right to practice law, and further requested that this Court approve his resignation from membership in the OBA. Respondent acknowledged the OBA's investigation into specific allegations of misconduct as set forth in more detail herein. Complainant filed its Application for Order Approving Resignation Pending Disciplinary Proceedings on December 6, 2022.
Replogle Grievance
¶3 Justin Replogle initiated a grievance with the OBA, wherein he alleged the Respondent mishandled a social security disability case on behalf of Replogle's wife. It further alleged Respondent failed to communicate with him about the case despite numerous attempts to make contact. On or about December 23, 2020, the OBA delivered a letter to Respondent at his official roster address, requesting a response to the Replogle grievance. The letter informed Respondent he had two weeks to return a response, however, he did not timely comply. The OBA sent a second letter on January 27, 2021. Respondent was given five days to provide a response, however he did not submit one until February 24, 2021.
¶4 Respondent informed the OBA that he had been having health problems. He further advised that he had received communications regarding Wife's claim. Respondent included a copy of correspondence allegedly sent to Replogle, advising that Respondent was awaiting a Notice of Award letter from the Social Security Administration and that he would follow up with the agency. Based on the response, the OBA informed Replogle that no formal investigation would be forthcoming. On May 26, 2021, Replogle contacted the OBA to raise further concerns regarding the social security claim. Replogle alleged that Respondent had again failed to communicate with him about the claim since the January letter.
¶5 The OBA sent a letter to Respondent on June 2, 2021, requesting additional information within two weeks. Respondent did not comply. Another letter was delivered to Respondent on June 21, 2021. Respondent was asked to provide an answer within five days, however, he again did not comply. A formal investigation was commenced and a letter advising of such was delivered to Respondent's roster address on August 18, 2021. He did not provide a response as required by RGDP Rule 5.2. On September 17, 2021, another letter was delivered to Respondent, again urging a response to the formal investigation. Respondent did not submit an answer to the OBA letters.
Rucker Grievance
¶6 Otis Rucker submitted a grievance with the OBA on November 3, 2021, alleging Respondent neglected to competently prosecute his workers compensation case and failed to adequately communicate with him as a client. On November 4, 2021, an OBA investigator contacted Respondent by phone and email but did not receive a response. The OBA also sent a letter to Respondent informing him of a formal investigation of the Rucker grievance. The letter was returned to the OBA as undeliverable.
¶7 The OBA scheduled a deposition of Respondent for January 11, 2022. In connection with the deposition, the OBA issued a subpoena duces tecum commanding Respondent to produce records and client files pertaining to the Replogle and Rucker grievances. A private process server personally served Respondent with the subpoena on December 15, 2021. Respondent failed to appear for the deposition. Instead, the Respondent called the OBA and claimed to be ill. On March 16, 2022, the OBA served Respondent with another subpoena duces tecum directing him to appear for deposition on April 5, 2022, and to produce records and client files for the two grievances.[1] Respondent again failed to appear for the deposition.
Landwert Grievance
¶8 Douglas Landwert retained Respondent to represent him in a workers compensation proceeding. Landwert and his wife attempted to communicate with Respondent numerous times, but most phone calls and emails went unanswered. The Landwert's sent a certified letter to Respondent; however, he still did not respond to the client. On January 6, 2022, Respondent failed to appear for a court hearing. In a subsequent mediation, and only after being contacted by the mediator, Respondent appeared but was unprepared. Landwert filed a grievance with the OBA on June 3, 2022, alleging misconduct for failing to competently represent him and failing to communicate. The OBA sent letters to Respondent informing him of a formal investigation pertaining to the Landwert matter; both letters went unanswered.
Carlile Grievance
¶9 In March 2021, Anita Carlile hired Respondent to represent her in a workers compensation proceeding. In October 2021, Carlile had minimal communication with Respondent regarding the status of the case. Subsequently, in January 2022, Carlile sent a certified letter to Respondent requesting an update on the case. The letter was returned as undeliverable. Carlile had almost no communication with Respondent, either by email or telephone, until she terminated his representation on May 31, 2022. Carlile also submitted a grievance with the OBA on September 1, 2022.
¶10 Based on Respondent's failure to cooperate in the previous three grievance investigations, the OBA immediately presented the matter to the Professional Responsibility Commission, and the panel voted unanimously to approve the filing of formal charges of misconduct for the Carlile matter.
Decision of the Court
¶11 THE COURT FINDS:
A. Respondent has submitted his voluntary resignation from the OBA by complying with Rule 8.1 and Rule 8.2 of the RGDP. Respondent's affidavit of resignation reflects that i) it was freely and voluntarily rendered; ii) he was not subject to coercion or duress; and iii) he was fully aware of the consequences of submitting his resignation. Respondent intends the effective date of his resignation to be the date and time of the execution of his affidavit of resignation.
B. Respondent states in his affidavit of resignation that he is aware that the allegations, if proven, would be a violation of ORPC Rules 1.3, 1.4, 8.1, 1.16(d), and 8.4(a); and RGDP Rules 1.3 and 5.2. 
C. Respondent acknowledged and agreed that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by the RGDP, and that he may make no application for reinstatement prior to the expiration of five (5) years from the effective date of this Order.
IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that this Court approves Respondent David Hadley Bower's resignation pending discipline. The Court further orders David Hadley Bower's name to be stricken from the Oklahoma roll of attorneys. Because resignation pending disciplinary proceedings is tantamount to disbarment, Respondent may not submit an application for reinstatement prior to the expiration of five (5) years from the date of this order. Pursuant to Rule 9.1 of the RGDP, Respondent is directed to notify all of his clients within twenty (20) days, by certified mail, of his inability to represent them and of the necessity to promptly retain new counsel. Finally, the Court sustains the OBA's Application to Assess Costs against the Respondent. Respondent shall pay costs of $695.15 to the OBA within thirty (30) days of the date of this order.
DONE BY ORDER OF THE SUPREME COURT THIS 19TH DAY OF DECEMBER, 2022.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.
FOOTNOTES
1 An earlier subpoena had been served and deposition set; however it was cancelled by the OBA due to inclement weather.